UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WAYNE EARL LaFOUNTAIN,

        Plaintiff,                      Case No. 1:16-cv-658

v.                                       Honorable Janet T. Neff

INGER Z. MEYER,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on grounds of immunity and for failure to state a claim.

**Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the West Shoreline Correctional Facility in Muskegon, Michigan. Plaintiff does not complain about the conditions of his confinement. Instead, he complains about the fact of his confinement or, more accurately, how a Michigan Supreme Court clerk has handled Plaintiff's filings challenging the fact of his confinement.

On June 25, 1984, a Jackson County Circuit Court jury convicted Plaintiff of first-degree ciminal sexual conduct in violation of MICH. COMP. LAWS § 750.520B. On September 5, 1984, the court sentenced Plaintiff to incarceration for a term of 45 to 70 years.

On May 23, 2013, Plaintiff filed a complaint for habeas corpus in the Chippewa County Circuit Court claiming that his conviction and sentence were invalid under federal and state law due to a radical jurisdictional defect that followed from the trial court's misinterpretation of Plaintiff's request for new trial counsel as a waiver of trial counsel. The Chippewa County Circuit Court dismissed the petition on June 7, 2013.

On February 12, 2015, Plaintiff renewed his habeas corpus complaint, filing it in the Michigan Court of Appeals. On June 5, 2015, that court denied the complaint.

On October 7, 2015, Plaintiff raised the "radical jurisdictional defect" issue in the Michigan Supreme Court by way of a petition for superintending control. By letter dated October 12, 2015, Defendant Inger Z. Meyer, deputy clerk of the Michigan Supreme Court, returned Plaintiff's pleadings because they were untimely under the Michigan Court Rules. On November 2, 2015, Plaintiff responded by submitting new pleadings, titled as an original petition for habeas

corpus, again raising the jurisdictional defect in his 1984 criminal trial. Defendant Meyer again returned Plaintiff's submission as untimely.

Plaintiff then filed this action alleging that Defendant Meyer had violated his First Amendment right of access to the courts. Plaintiff sues Defendant Meyer in her official and personal capacities. Plaintiff asks this Court to enter a judgment: (1) declaring that Defendant's rejection of Plaintiff's submissions violated his First Amendment right to access the courts; (2) requiring Defendant to accept Plaintiff's petitions for filing; and (3) awarding Plaintiff the costs he has incurred in this suit and in reproducing the documents that were rejected by Defendant.

## Discussion

### I. Immunity

To the extent Plaintiff's request for copying costs constitutes a claim for money damages, he cannot prevail. Defendant Meyer is immune from a suit for money damages. Under the doctrine of judicial immunity, generally a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity

for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Bradley v. United States*, 84 F. App'x 492 (6th Cir. 2003) (federal court clerk). *Cf. Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 437 & n.11 (1993) (court reporter not entitled to absolute immunity for preparing transcripts because that function is ministerial; it does not exercise the kind of judgment protected by judicial immunity).

Here, the allegations in the complaint and the letters Defendant Meyer signed reveal that Defendant Meyer returned Plaintiff's submissions in accordance with the Michigan Court Rules. Michigan Court Rule 7.302(C) provides a 42-day window for the filing of an application for leave to appeal a decision of the Michigan Court of Appeals to the Michigan Supreme Court. The rule does not state that late applications will be denied, it states that late applications "will not be accepted . . . ." MICH. CT. R. 7.302(C)(3). Thus, Defendant Meyers refusal to accept Plaintiff's late filings was consistent with the mandate of the rule. Defendant Meyer was clearly acting on behalf of the court when she returned Plaintiff's submissions. Because Defendant Meyer is entitled to

quasi-judicial immunity, Plaintiff may not maintain an action against her in her personal capacity for monetary damages.

Plaintiff also sues Defendant Meyer in her official capacity. A suit against an individual in her official capacity is equivalent to a suit brought against the governmental entity: in this case, the Michigan Supreme Court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

The Sixth Circuit Court of Appeals has already considered the application of Eleventh Amendment immunity to Michigan state courts. The Sixth Circuit determined that Michigan's courts are arms of the state and thus entitled to Eleventh Amendment immunity. *Pucci v. 19th District Court*, 628 F.3d 752, 760-764 (6th Cir.2010). (finding that the Michigan Constitution vests the state judicial power in one court of justice under the control of the Michigan Supreme Court so that a district court is afforded Eleventh Amendment immunity as an arm of the State just as the Michigan Supreme Court would be); *see also Lawrence v. Chabot*, 182 F. App'x 442, 450 (6th Cir. 2006); *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003). An employee of the Michigan Supreme Court, sued in her official-capacity, is therefore absolutely

immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989). Therefore, the Court also dismisses the suit for monetary relief against Defendant Meyer in her official capacity.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

Although Plaintiff's money damages claims are barred by immunity, he also seeks injunctive and declaratory relief. Nonetheless, Plaintiff fails to state a claim for injunctive relief because such injunctive relief is not available under § 1983. The 1996 amendments to that statute provide that injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, he has failed to state a claim against Defendant Meyer, in any capacity, for injunctive relief. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

The only claim remaining is Plaintiff's claim for declaratory relief. In *Ward v. City of Norwalk*, ___ F. App'x ___, 2016 WL 402795, at *4 (6th Cir. February 3, 2016), the Court concluded that the very language in § 1983 that bars injunctive relief "implicitly recognizes that declaratory relief is available against judicial officers." *Id.* Plaintiff's claim for declaratory judgment is actionable, however, "only to the extent it seeks prospective relief." *Id.* It is questionable whether Plaintiff seeks prospective declaratory relief. He requests a declaratory judgment that declares "that the defendant's rejection of plaintiff's petitions for Superintending Control and for Habeas Corpus was contrary to well-established Michigan law and had, thus, denied plaintiff's First Amendment right to petition the Michigan Supreme Court by way of access to that court." (ECF No. 1, PageID.8.) Whether or not Plaintiff's request satisfies the requirements of *Ward*, he has failed to state a claim for violation of his constitutional rights.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff contends Defendant Meyer's actions violated his First Amendment right of access to the courts.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the Defendant has hindered, or is presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous

claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Plaintiff's underlying claim, the claim he contends that Defendant Meyer has hindered, is an assertion that the trial court misinterpreted Plaintiff's request for new trial counsel as a waiver of counsel. According to Plaintiff, this defect deprived the court of jurisdiction to convict or sentence him. If Plaintiff were writing on a blank slate, his underlying claims might require further development before they could be properly scrutinized. In this instance, however, Plaintiff has previously raised this exact issue in a petition for habeas corpus filed in this Court. This Court concluded: "Under a fair reading of the record as a whole it is evident that Petitioner's attempt to substitute counsel on the eve of trial and his choice to proceed without counsel, is properly construed as a constructive waiver of his right to counsel." *LaFountain v. Caruso*, No. 2:93-cv-188, p. 4 (W.D. Mich. June 6, 1996). Put simply, Plaintiff's underlying action is without merit. Accordingly, he cannot allege the requisite injury to demonstrate a violation of his First Amendment rights. Plaintiff's claims for declaratory relief are properly dismissed for failure to state a claim.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on grounds of immunity and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: July 12, 2016            /s/ Janet T. Neff
                                Janet T. Neff
                                United States District Judge